**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

**FILED**

MAR 24 2014

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RYAN OSHUN MOORE, | No. 12-15795 |
| Petitioner - Appellee | D.C. No. 3:05 cv-348-KJD |
| v. | |
| DON HELLING; STATE OF NEVADA ATTORNEY GENERAL, | MEMORANDUM* |
| Respondents - Appellants. | |

Appeal from the United States District Court
for the District of Nevada
Kent J. Dawson, District Judge, Presiding

Argued and Submitted March 14, 2014
San Francisco, California

Before:    FARRIS, TASHIMA, and McKEOWN, Circuit Judges.

The State of Nevada appeals the judgment of the district court granting Ryan

Oshun Moore's petition for a writ of habeas corpus.   Reviewing the district court's

grant of the petition *de novo*, *see McMurtrey v. Ryan*, 539 F.3d 1112, 1118 (9th

Cir. 2008), we affirm.

---

        *    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

**1.** The State initially raised two issues in its appeal: first, whether the use of the *Kazalyn* instruction was constitutional error; and second, whether any error was harmless. After the State filed its appeal, this Court decided *Babb v. Lozowsky*, 719 F.3d 1019 (9th Cir. 2013), which resolved the first question. *Cf. Hart v. Massanari*, 266 F.3d 1155, 1171 (9th Cir. 2001) ("Once a panel resolves an issue in a precedential opinion, the matter is deemed resolved, unless overruled by the court itself sitting en banc, or by the Supreme Court."). Moore's case was pending on direct appeal when the Nevada Supreme Court decided *Byford v. State*, 994 P.2d 700 (Nev. 2000). Therefore, under *Babb*, the failure to apply the new *Byford* instruction in Moore's case was an unreasonable application of clearly established federal law. *Babb*, 719 F.3d at 1032–33; *see also* 28 U.S.C. § 2254(d)(1). After *Babb* was decided, the State conceded that the giving of the *Kazalyn* instruction was constitutional error.

**2.** Therefore, the only remaining issue in this appeal is whether the erroneous use of the *Kazalyn* instruction was harmless. We affirm the district court's determination that the error was not harmless. An instructional error is harmless only if "it is reasonably probable that the jury would still have convicted the petitioner on the proper instructions." *Babb*, 719 F.3d at 1034. Based on the particular facts and circumstances of this case, we cannot conclude that there is a

reasonable probability that the jury would have convicted Moore of first degree murder on the proper instructions.

First, we cannot be reasonably certain that the jury would have convicted Moore of first degree murder based on a premeditation theory if given the proper instructions. "Deliberation is the process of determining upon a course of action to kill as a result of thought, including weighing the reasons for and against the action and considering the consequences of the action." *Byford*, 994 P.2d at 714. "Premeditation is a design, a determination to kill, distinctly formed in the mind by the time of the killing." *Id.* The evidence here falls far short of establishing premeditation and deliberation. Moore did not confess to the crime, and in fact repeatedly asserted in his statement to the police that he did not shoot Branson Clark, did not intend to shoot Clark, did not go to the site of the robbery with the intent of killing anyone, and was not carrying the gun that matched Clark's wounds. Further, no witness testified as to having seen Moore shoot Clark, and there is no evidence of any kind that Moore fired the shot that killed Clark. Under these circumstances, we cannot say that it is reasonably probable that a properly instructed jury would have convicted Moore of premeditated and deliberate murder. *Cf. Chambers v. McDaniel*, 549 F.3d 1191, 1200–01 (9th Cir. 2008); *Polk*

-3-

*v. Sandoval*, 503 F.3d 903, 912–13 (9th Cir. 2007), *abrogated on other grounds as recognized in Babb*, 719 F.3d at 1028–30.

Second, we cannot be reasonably certain that the jury instead convicted Moore based on a valid theory. Three of the four theories were affected by the erroneous instruction, and nothing in the record indicates on which theory the jury actually relied in convicting Moore. Neither the trial judge nor the attorneys emphasized any particular theory. To the contrary, the trial judge told the jury that it could convict on any theory and that the jurors need not all agree on which theory to use; the prosecution emphasized that the jury could convict Moore on any of the four theories; and the defense similarly focused equally on all theories, arguing that the prosecution had met its burden on none. Under these circumstances, we cannot "be reasonably certain that no juror convicted [Moore] based on premeditation . . . ." *Babb*, 719 F.3d at 1034; *cf. id.* (finding the erroneous use of the *Kazalyn* instruction harmless when the prosecution emphasized the valid theory of felony murder in closing argument and the trial judge instructed the jury to rely on premeditated murder only if it did not find the defendant guilty of felony murder).

The judgment of the district court is **AFFIRMED**.